## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR CARRILLO,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF COALINGA, CALIFORNIA,<br>AND TWO INDIVIDUAL EMPLOYEES AND<br>MEMBERS OF ITS POLICE<br>DEPARTMENT, TO WIT: SERGEANT<br>YARBOROUGH, OFFICER IRELAND,<br><br>        Defendants. | NEW CASE NUMBER:<br><u>1:05-cv-1335 LJO</u><br><br>SCHEDULING CONFERENCE ORDER<br>AND ORDER TRANSFERRING CASE<br>TO MAGISTRATE JUDGE<br><br>Discovery Cut-Off: 12/29/06<br><br>Non-Dispositive Motion<br>Filing Deadline: 1/15/07<br><br>Dispositive Motion Filing<br>Deadline:  1/30/07<br><br>Settlement Conference Date:<br>1/11/07 10:00 Ctrm. 9<br><br>Pre-Trial Conference Date:<br>3/26/07 9:00 Ctrm. 8<br><br>Trial Date: 4/23/07 9:00<br>Ctrm. 8 (JT-5 days) |

I.   Date of Scheduling Conference.

   March 24, 2006.

II.  Appearances Of Counsel.

   William A. Romaine, Esq., appeared on behalf of Plaintiff.

   Bacigalupi, Neufeld & Rowley by Craig M. Mortensen, Esq., appeared on behalf of Defendants.

///

1

III.  Summary of Pleadings.

    1.   This is a complaint under 42 U.S.C. § 1983 for alleged violations of Plaintiff's civil rights by police officers and their employer (City) for allegedly entering into Plaintiff's residence without a warrant or sufficient cause and depriving Plaintiff of his security, causing emotional distress.  Plaintiff prays for monetary general and punitive damages.

IV.  Orders Re Amendments To Pleadings.

    1.   The parties do not anticipate filing any amendments to the pleadings at this time.

V.  Factual Summary.

    A.  Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   Plaintiff Salvador Carrillo is a citizen of the United States and at all times was a resident of the Eastern District of California at the time of the events alleged in the Complaint.

        2.   City of Coalinga is a general law city and public entity within the meaning of California law.

        3.   Sergeant Keith Yarborough is a duly employed and acting Sergeant of the City of Coalinga Police Department and was on duty at the time of the alleged incident, May 7, 2004.

        4.   Officer Debra Ireland was a duly authorized and acting Police Officer of the City of Coalinga on May 7, 2004, the time of the alleged incident.

        5.   Both individual Defendants were at all times acting within the course and scope of their public employment on behalf of the Police Department of the City of Coalinga and under

color of state law.

6.  On May 7, 2004, Plaintiff owned a residence in the City of Coalinga, California.

7.  On May 7, 2004, Officers Yarborough and Ireland searched Plaintiff's residence.

8.  Plaintiff was arrested on May 7, 2004.

9.  The arrest of Plaintiff was without an issued warrant of arrest.

B.  Contested Facts.

1.  All remaining facts are disputed.

VI. Legal Issues.

A.  Uncontested.

1.  Jurisdiction exists under 28 U.S.C. § 1331 and 42 U.S.C. § 1983, et seq.

2.  Venue is proper under 28 U.S.C. § 1391.

3.  As to supplemental claims, the parties agree that the substantive law of the State of California provides the rule of decision.

B.  Contested.

1.  All remaining legal issues are contested.

VII. Consent to Magistrate Judge Jurisdiction.

1.  The parties have agreed that this case shall be transferred to the Magistrate Judge for all purposes, including trial.  Therefore, the case number that should be typed on <u>all future pleadings in this case is as follows:  1:05-cv-1335 LJO</u>.

VIII.   Corporate Identification Statement.

1.  Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent

3

corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

    1.   The parties are ordered to complete all discovery on or before December 29, 2006.

    2.   The parties are directed to disclose all expert witnesses, in writing, on or before October 2, 2006.  Any supplemental expert disclosures will be made on or before November 1, 2006.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    3.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.    Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before January 15, 2007,

4

and heard on February 16, 2007, at 9:00 a.m. before Magistrate Judge Lawrence J. O'Neill in Courtroom 8.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than January 30, 2007, and will be heard on March 2, 2007, at 10:00 a.m. before the Honorable Lawrence J. O'Neill, United States Magistrate Judge, in Courtroom 8, 6th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

    1.   March 26, 2007, at 9:00 a.m. in Courtroom 8, 6th Floor, before the Honorable Lawrence J. O'Neill, United States Magistrate Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Trial Date.

    1.   April 23, 2007, at the hour of 9:00 a.m. in Courtroom 8, 6th Floor, before the Honorable Lawrence J. O'Neill, United States Magistrate Judge.

5

    2.    This is a jury trial.

    3.    Counsels' Estimate Of Trial Time:

          a.    5 days.

    4.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

## XIII.    Settlement Conference.

    1.    A Settlement Conference is scheduled for January 11, 2007, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.

    2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.    Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The

6

statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

  5. The Confidential Settlement Conference Statement shall include the following:

   a. A brief statement of the facts of the case.

   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

   c. A summary of the proceedings to date.

   d. An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

   e. The relief sought.

   f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

  1. The parties agree that the trial should be phased and liability tried before damages.  Further, the amount of any punitive damages shall be tried in a third phase after any

finding of liability and entitlement to punitive damages.

XV.   Related Matters Pending.

    1.   There are no related matters.

XVI. Compliance With Federal Procedure.

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVII.   Effect Of This Order.

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

///
///
///

3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **March 24, 2006**                              **/s/ Oliver W. Wanger**
emm0d6                                                UNITED STATES DISTRICT JUDGE